**PESTA, Plaintiff-Appellant v RUF, Defendant-Appellee.**

Ohio Appeals, 8th District, Cuyahoga County.

No. 18933.   Decided December 21, 1942.

M. A. McCormack, Cleveland, and M. J. Gruber, Cleveland, for plaintiff-appellant.

McKeehan, Merrick, Arter and Stewart, Cleveland, for defendant-appellee.

**OPINION**

By SKEEL, J.

The plaintiff appellant was a motor bus driver of the Cleveland Railway Company. He was driving his bus in the course of his employment about 4:30 o'clock on the morning of March 12, 1938, easterly on Puritas Springs Road. At the intersection of Puritas Springs Road and West 150th Street there is a police traffic control signal light.

The facts, as found by the court, disclose that as the plaintiff approached and entered the intersection the signal light was green or "go" for Puritas Springs Road traffic, and red or "stop" for traffic on West 150th Street. When he got more than half way through the intersection, his speed at the time and from the time when he was about 300 feet west of the intersection being about 15 miles per hour, his bus was struck by the defendant's milk truck then being driven south on West 150th Street. As a result of this collision the plaintiff was injured.

The plaintiff, as disclosed by the findings of fact, looked to the north as he approached the intersection but did not see the defendant's truck proceeding south until it struck the railway bus which he was driving.

The court, at the conclusion of plaintiff's case, directed a verdict for the defendant on the ground as set forth in its findings of fact and conclusions of law that he was negligent as a matter of law to enter the intersection, depending exclusively on the right of way afforded him by the green light being in his favor and in his failure to keep a proper lookout and seeing defendant's truck before it struck the bus he was driving.

In perfecting his appeal the plaintiff appellant filed what is

designated as a bill of exceptions. It is in the narrative form. The defendant filed exceptions to such bill, claiming omissions. The court approved the bill without ruling on the exceptions. However, the bill of exceptions did not contain a certificate that it contained all of the evidence submitted to the court and upon which the court directed a verdict for the defendant.

The question as to whether or not such evidence as is contained in the bill of exceptions (which is not certified to contain all of the evidence) may be considered by a reviewing court when the granting of defendant's motion for a directed verdict is being reviewed, is one that seems to have been decided against the contention of the plaintiff.

Weaver, minor, v Whalen, 56 O. A. R. 35
Regan, Admr. v McHugh, 78 Oh St 326

A review of the cases, however, fails to distinguish between the cases where the court is the tryer of the facts and law and the cases where factual issues are to be presented to a jury. When the court is the tryer of the facts as well as the law, a motion for a judgment at the conclusion of plaintiff's case is in effect a demurrer. Certainly a reviewing court, in reviewing a judgment thus entered, must have before it all of the evidence which the trial court considered in concluding that the testimony introduced did not establish facts sufficient to support all of the essential elements of plaintiff's cause of action. Here the court must weigh and evaluate the testimony. But such fact is not true when the questions of fact are for the consideration of the jury. Under these circumstances, the weight and sufficiency of the evidence is for the jury and not the court. Cooke v Cortright, 68 O. A. R. 75 at page 78.

If, therefore, there is any evidence which tends to support all of the essential elements of plaintiff's cause of action, a motion for a directed verdict must be overruled. It is difficult to understand, therefore, why even though there has been no certification that the bill of exceptions contains all the evidence, if it contains sufficient evidence, certified as having been received by the court, which would, as a matter of law. entitle the plaintiff to have his case submitted to the jury, the failure to submit the case to the jury under these circumstances should be reviewable.

The only effect of any additional evidence that was received at the trial but not contained in the bill of exceptions would concern the credibility or the weight to be given to the evidence in support of the material allegations of plaintiff's claim and there would still remain a jury question. It seems, therefore, to a majority of this court that the plaintiff is entitled to a reversal on the face of the record.

But even though this were not so, yet in the instant case, the court as was stated above, upon request of plaintiff, made its findings of fact and set forth its conclusions of law.

The facts as found were, in brief, as follows:

1. That the traffic light at the intersection of Puritas Springs Road and West 150th St., at the time of the collision was green for east and west traffic and that plaintiff entered the intersection on the green light.

2. That in doing so he relied exclusively upon the traffic light which was, when he entered the intersection, then in his favor.

3. That the plaintiff, although he looked to the north, failed to see the defendant's truck as it came into the intersection against the red or stop light for West 150th Street traffic.

4. That the physical facts at the corner were such that the plaintiff's view was not obstructed and that it was sufficiently light at that early hour in the morning so that plaintiff could see north on West 150th Street from 150 to 400 feet and that the plaintiff was travelling at the rate of about 15 miles per hour and could have stopped the bus he was driving within 35 feet.

5. That the fact that plaintiff did not see the defendant's truck in time to have avoided the collision was due to his failure to exercise ordinary care, the truck being in plain view.

From the foregoing facts, the court concluded that as a matter of law the plaintiff was guilty of negligence which proximately contributed in causing the injuries of which he complains. In this the majority of the court conclude that the trial court was in error.

Whether or not the plaintiff was negligent in failing to see the approach of defendant's truck as it entered the intersection against the red light and striking the bus plaintiff was driving, is, under the findings of the court, a jury question.

The Ordinances of the City of Cleveland afforded the plaintiff under the facts as found by the court an absolute right of way which the plaintiff could legally assume would be respected of all others whose course of travel would intersect that of the plaintiff.

In the case of **Henderson v Cleveland Railway Co., 123 Oh St 468,** the court had for consideration the following circumstances:

The plaintiff was riding with her husband who was driving his automobile north on East 105th Street. When they came to Carnegie Avenue they desired to make a left hand turn to go west on Carnegie. They pulled to the extreme right hand side of the intersection to make an outside rotary left hand turn as was then provided for by city ordinance. When they came to a stop, the traffic light was green or "go" for East 105th Street and red or "stop" for Carnegie Avenue. Soon thereafter the light changed and the plaintiff said to her husband, "the light is green, go ahead." He looked and observed the light had changed to green for Carnegie Avenue traffic and started to complete his left hand turn west into Carnegie Avenue. When he got to the street car tracks on East 105th Street, the automobile was struck by a north-bound street car.

On page 473 of the opinion, the court said:

"It is not negligence for a person entering a street intersection, with the 'go' traffic signal, to rely upon all persons from a cross street, who are not at the time in the intersection observing the 'stop' signal so long as it is against them." **Cleveland Railway Company v Goldman, 122 Oh St 73; 170 N. E. 641.**

"This applies to persons seated in an automobile starting to proceed across a street intersection, as well as to pedestrians. It was not negligence as a matter of law for Mrs. Henderson, when she observed the 'go' signal for westbound traffic, to rely upon the fact that all other persons moving north and south would observe the 'stop' signal. It was not negligence, as a matter of law for her to say to her husband, 'the light is green, go ahead,' without looking to see whether any traffic was proceeding against the light." See also: **Bloomgren v Morris, 127 Oh St 147.**

With the exception of the fact that in the Henderson case the plaintiff did not look to see if any traffic was proceeding into the intersection in violation of the direction of the traffic light, while in the instant case the plaintiff looked but did not see the defendant approaching, the facts of the two cases are almost identical. Certainly such difference is without legal significance.

We conclude, therefore, that the court was in error in directing a verdict for the defendant on the basis of the facts found by the court, and the judgment of the Municipal Court of Cleveland is therefore reversed and the cause remanded for further proceedings according to law.

MORGAN, J., concurs.
LIEGHLEY, PJ., dissents.