**KISH, Plaintiff-Appellee, v. CLEVELAND (City) (Transit System), Defendant Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22669. Decided March 2, 1953.

Coleman Kiss, Albert Kiss, Cleveland, for plaintiff-appellee. Robt. Mooney, E. Sheldon Wirtz, Cleveland, for defendant-appellant.

### OPINION

By HURD, PJ.

In this action for personal injuries growing out of a collision between an automobile operated by the plaintiff, and a street car operated by defendant's motorman, which occurred at the right angle intersection of East Ninth Street and Carnegie Avenue in the City of Cleveland, a verdict was returned in favor of the plaintiff upon which judgment was rendered.

The record shows that the trial court refused the request of the defendant made at the conclusion of the general charge to "charge the jury on the element of contributory negligence and to define the· term and explain its· legal significance" although the court had granted a special request of the defendant to charge on the subject of contributory negligence before argument as follows:

"Charge No. 3. Members of the Jury, I charge you as a matter of law:

"If you find from the evidence that Benjamin Kish was guilty of negligence in the slightest degree directly contributing to the collision, then he cannot recover, and your verdict must be for the defendant, the City of Cleveland."

It will be observed that this special charge does not define the term "contributory negligence."

In the general charge, the court omitted entirely any reference to contributory negligencec and refused to charge or define the term.

Upon examination of the entire record, we are of the opinion that an issue of fact was presented in the evidence as to whether or not the plaintiff was guilty of contributory negligence. The court's refusal to charge on this subject and to define the term constitutes prejudicial error. We reach this conclusion on the authority of:

**Welsh, minor, v. Canton City Lines, 142 Oh St 166; Beers v. Zettlemeyer, 155 Oh St 520; Gross v. Ake, 154 Oh St 84, and Pesta v. Ruf, 38 Abs 67.**

We find no other errors in the record. For the reasons stated the judgment is reversed and the cause remanded for further proceedings according to law. Exceptions noted. Order see journal.

SKEEL, J, concurs.

KOVACHY, J, dissents. (See dissenting opinion.)

### DISSENTING OPINION

By KOVACHY, J.

I do not concur. The evidence in this case is clear cut but contradictory.

The street car proceeding south on East 9th Street, entered the intersection of Carnegie Avenue, either on the green light or the top red, or stop, light. The jury by its verdict must have found the latter. The plaintiff, therefore having the green light in his favor, and "being entitled to rely upon the observance of the signal by all persons against whom the signal is operating" (**Henderson v. Cleveland Railway Co., 123**

510

Oh St 468), had the right, under the law, to start his automobile and proceed easterly on Carnegie Avenue. The street car crashed the light, and without abating its speed (Record, page 172), collided with plaintiff's automobile, all in the matter of a few seconds.

I am of the opinion that such a factual situation does not require the giving of a charge on contributory negligence to a jury.

See also: **Cleveland Railway Co. v. Goldman, a minor, 122 Oh St 73, paragraph 1** of the syllabus.

It appears to me that substantial justice has been done to the defendant appellant, in view of the facts as shown by the record and in the light of the law applicable thereto.